## ANDREW MAGUYER *vs.* JARED HAWTHORN.

In trover, proof of the misuse or abuse of the thing is evidence of a conversion; and no demand and refusal is necessary, though the original taking was lawful.

TROVER. Plea, not guilty.

Hawthorn borrowed a dearborn wagon and harness of Maguyer, and in the use of it his horse ran off and broke it. He sent the wagon to a carriage maker's to be mended; paid the bill, and gave Maguyer an order for it; which, however, being informal and not including the harness, was never presented. The carriage was mended; and no person sending for it, it was wheeled into the road, where it stood for a long time and became injured by the weather and by accident.

On this state of facts *Rodney,* for defendant, moved a nonsuit, for want of evidence of a conversion.

*Rodney.*—The case is one of lending. So stated, and so proved. The original taking, therefore, was lawful. In order to create a conversion of an article delivered on loan, or in any case where the possession of defendant is lawful, there must be a demand and refusal. A tortious taking is itself a conversion; but not so of a lawful possession. There is in this case, no proof of a demand and refusal to give the wagon up; on the contrary, Hawthorn sent plaintiff an order for it, which he refused to use because of some alledged informality.

*The Court,* (HARRINGTON J. dissenting) refused to non-suit the plaintiff.

T. CLAYTON, *Chief Justice*.—The property came into defendant's possession by borrowing. His possession was therefore lawful, and without some act inconsistent with the lawfulness of such possession, trover would not lie for it. Merely keeping the dearborn, however long, without misusing it, would not be a conversion, and a demand and refusal to deliver up, would be necessary to this action. The demand and refusal is, however, not a conversion, but only evidence of a conversion. Other acts are equally evidence of a conversion, as misuser or great injury to the thing. 1 *Chitty Pl.* 154; 2 *Saund. Pl. & Ev.* 881. Here the defendant broke the carriage; sent it to one place, and the harness to another; let it stand in the road for two years, without returning or paying any attention to it, until it was almost destroyed. We think this a conversion if the jury find the facts so.

Nonsuit refused and plaintiff had a verdict.

*Read jr.* for plaintiff.
*Rodney* for defendant.